KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
BRYAN D. SCHRODER
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov
         bryan.schroder@usdoj.gov

PAUL AHERN
U.S. Department of Justice
National Security Division, Counterterrorism Section
950 Pennsylvania Ave NW
Washington, D.C.
Tel: (202) 305-0633
paul.ahern@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| vs. | ) | |
| | ) | |
| PAUL GENE ROCKWOOD, JR., | ) | |
| aka "Bilal" | ) | |
| | ) | |
| Defendant. | ) | |

> **Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

I.  **TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS**

   A.  **Terms of Agreement**

The defendant agrees to plead guilty to Count 1 of the Information in this case which charges him with Making False Statements Involving Domestic Terrorism in violation of 18 U.S.C. § 1001(a)(2). The United States agrees not to prosecute the defendant further, based upon facts now known, for any other offense related to the events that resulted in the charges contained in the Information. The parties agree pursuant to Fed.R.Crim.P. 11(c)(1)(C) that the provisions of the United States Sentencing Commission Guidelines (Guidelines) as detailed in Section III of this agreement shall apply to the defendant and further agree that the defendant shall be sentenced to eight years in prison, followed by three years of supervised release, the maximum penalty that can be imposed for false statements involving domestic terrorism, and no fine. In addition, pursuant to Fed.R.Crim.P. 11(c)(1)(C) PAUL GENE ROCKWOOD,

JR.'s plea agreement is contingent on the court accepting the parties agreement that Nadia Piroska Maria Rockwood receive a sentence of five (5) years probation with no period of incarceration in her separate prosecution in this matter. The parties agree that the defendant and the United States may withdraw from this agreement or the guilty plea only if the court does not adopt the parties' agreement as to the Guideline provisions and the sentence that shall be imposed in this case and the sentence of probation to be imposed against Nadia Piroska Maria Rockwood. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea. Unless the parties inform the district court in writing of any additional agreements, this document contains the complete plea agreement between the defendant and the United States. The parties expressly agree that this agreement binds the District of Alaska, it does not bind other federal, state, or local prosecuting authorities.

**B.     Federal Rule of Criminal Procedure 11**

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (C) will control this plea agreement. If the Court accepts this plea agreement then the court is bound by the parties' sentencing agreement as to the specific provisions of the Guidelines that apply

and the eight-year sentence that shall be imposed in this case. The United States and the defendant may withdraw from this agreement only if the court rejects this agreement.

    **C.**    **Waiver of Claim for Attorney Fees and Costs**

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

**II.**    **CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE**

    **A.**    **Charges**

    1.    The defendant agrees to plead guilty to Count 1 of the Information filed in this case charging him with Making Material False Statements Involving Domestic Terrorism in violation of 18 U.S.C. § 1001(a)(2). The defendant further agrees to waive presentment of this matter to the grand jury.

    **B.**    **Elements**

The elements of the charges to which the defendant is pleading guilty are as follows:

    FIRST:    PAUL GENE ROCKWOOD, JR., made a false statement in a matter within the jurisdiction of the Federal Bureau of Investigation;

    SECOND:    that PAUL GENE ROCKWOOD, JR., acted willfully, that is deliberately and with knowledge that the statement was untrue;

THIRD:   the statement was material to the Federal Bureau of Investigation's activities or decisions in that it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Federal Bureau of Investigation; and

FOURTH:   the false statement involved domestic terrorism as defined by 18 U.S.C. § 2331.

C.   **Factual Basis**

The defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence.

ROCKWOOD converted to Islam in late 2001 or early 2002 while living in Virginia. After his conversion, and while residing in Virginia, ROCKWOOD became a strict adherent to the violent Jihad-promoting ideology of cleric Anwar al-Awlaki (Al-Awlaki). This included a personal conviction that it was his (ROCKWOOD'S) religious responsibility to exact revenge by death on anyone who desecrated Islam.

At a time unknown, but prior to moving to Alaska in 2006, ROCKWOOD began researching and selecting possible targets for future execution. In 2006,

ROCKWOOD moved to King Salmon, Alaska, and while residing there, continued his adherence to Al-Awlaki's ideology, including devotion to Al-Awlaki's violence-promoting works, "*Constants on the Path to Jihad*" and "*44 Ways to Jihad*".

Along with the development of selected targets, ROCKWOOD also began researching the method and means to exact revenge on his intended targets. Among other topics, ROCKWOOD researched individual explosive components, construction of remote triggering devices such as cellular telephones, and the construction of improvised explosive devices for delivery by common carrier.

Sometime in late 2009, ROCKWOOD began sharing his ideas about committing acts of domestic terrorism, including discussing the use of mail bombs and the possibility of killing targets by gunshot to the head. By early 2010, Rockwood's intended target list was formalized to include approximately 15 specific targets. Thereafter, in April, 2010, ROCKWOOD gave his written target list to his wife Nadia Rockwood who carried the list with her on a trip to Anchorage. ROCKWOOD'S target list was subsequently obtained by investigators of the Federal Bureau of Investigation's Joint Terrorism Task Force ("JTTF").

On May 19, 2010, ROCKWOOD was interviewed in Anchorage by agents

of the JTTF. During the interview, JTTF agents provided ROCKWOOD a copy of his target list that had been obtained by investigators. In response to investigators' questions, ROCKWOOD knowingly provided materially false statements and explanations about the target list, including denying that he created the list, denying the purpose of the list, and denying ever having such a list of names. In truth and fact, ROCKWOOD selected the names and entities appearing on the list as those he believed should be targeted for assassination and attack, and was, in truth and fact, the creator of the target list.

### D.  Statutory Penalties and Other Matters Affecting Sentence

#### 1.  Statutory Penalties

The statutory penalties applicable to the charge to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 1:  False Statements to a Federal Agent in an Offense Involving Domestic Terrorism, in violation to 18 U.S.C. §1001(a)(2).

  1)  8 years imprisonment;

  2)  a maximum $250,000 fine;

  3)  3 years of supervised release; and

  4)  a $100 mandatory special assessment.

## 2. Other Matters Affecting Sentence

### a. Conditions affecting the defendant's sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1. The parties agree that the defendant is unable to pay a fine in this case and recommend that no fine be imposed.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment of $100 in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen, may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

## III. JOINT SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

B.  **Guideline Application Agreements**

The parties have agreed that the guideline calculations set forth below are binding on the court.

*AGREED GUIDELINES CALCULATIONS:*

<u>Count 1:</u>

Base Offense Level (§2J1.2) .................................. 14

Terrorism Adjustment (§3A1.4) ........................... +12

Subtotal ........................................................... 26

Terrorism Enhancement (§3A1.4) Increase to Level 32 if Less than 32   32

Acceptance of Responsibility (§3E1.1) ...................... -3

Total .............................................................. 29

Criminal History Category (§3A1.4(b)) ..................... VI

Estimated Advisory Guidelines Range ............. 151-188 months[1]

*SUPERVISED RELEASE* ............................. *THREE YEARS*

*FINE RANGE* ............. *Parties Agree Defendant Unable to Pay a Fine*

1.  **Acceptance of Responsibility**

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the

---

[1] However, because there is a lower statutory maximum sentence that maximum is the "guideline sentence" under U.S.S.G. § 5G1.1(a).

defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies and additional one level departure. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C.   Sentencing Agreement

The parties agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the sentence to be imposed under this agreement should be 96 months (eight years) imprisonment with a term of supervised release of three years. In addition, the parties agree that the defendant is unable to pay a fine and recommend that no fine be imposed by the court. The parties have no further agreement with respect to the sentence to be imposed by the court. The United States Probation Office will prepare the defendant's pre-sentence report which will include a calculation of the defendant's sentencing range under the U.S.S.G.

### IV.   WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

#### A.   Trial Rights

Being aware of the following, the defendant waives these trial rights:

-- If pleading to an information, the right to have the charges

        presented to the grand jury prior to entering the guilty plea;

--     The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

--     The right to object to the composition of the grand or trial jury;

--     The right to plead not guilty or to persist in that plea if it has already been made;

--     The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

--     The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

--     The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the

  defendant's behalf;

-- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf;

-- The right to contest the validity of any searches conducted on the defendant's property or person; and

**B. Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties– as set forth in section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes– including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution, and the right to appeal the district court's rulings on any subsequent motions under 18 U.S.C. § 3582(c).

**C. Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or

conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows:  1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

## V. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation related to the charges brought in the indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for

perjury and false statements.

## VII. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7)(A) &(B) and (9), this plea agreement is appropriate in that the charges adequately reflect the seriousness of the offenses and it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on Count 1 of the charging instrument. The agreed upon sentencing range is the maximum sentence available to be imposed under the statute.

## VIII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, PAUL GENE ROCKWOOD, JR., the defendant, affirm this document contains all of the agreements made between me– with the assistance of my attorneys– and the United States regarding my plea. I have expressly agreed that this agreement is contingent on the court accepting the parties agreement that Nadia Piroska Maria Rockwood receive a sentence of five (5) years probation with no period of incarceration in her separate prosecution in this matter. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before

I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or

give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

///

///

///

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Information.

DATED: 7-20-2010

PAUL GENE ROCKWOOD JR.
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 7/20/2010

MJ HADEN
Attorney for PAUL GENE
ROCKWOOD, JR.,

DATED: 7/20/10

MARY GEDDES
Attorney for PAUL GENE
ROCKWOOD JR.

On behalf of the United States, the following accept PAUL GENE ROCKWOOD JR.'s offer to plead guilty under the terms of this plea agreement.

DATED: 7/20/10

STEVEN E. SKROCKI
Assistant U.S. Attorney

DATED: 7/20/10

BRYAN D. SCHRODER
United States Attorney

DATED: July 20, 2010

PAUL AHERN
United States Department of Justice
National Security Division
Counterterrorism Section

DATED: July 20, 2010

KAREN L. LOEFFLER
United States Attorney