KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:10-cr-00061-RRB |
|---|---|
| Plaintiff, | ) **UNITED STATES' RESPONSE IN OPPOSITION** |
| vs. | ) |
| PAUL GENE ROCKWOOD, JR., | ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through undersigned counsel, and after conferring with the Federal Bureau of Prisons, hereby responds to defendant's Motion for Further Relief of Finding of Contempt, filed at Docket No. 36.

Preliminarily, it is important to note that at its heart, the gravamen of inmate Rockwood's claim asks that the Court re-weigh the five factors set forth in 18 U.S.C. § 3621(b) and overrule the BOP's FCC Allenwood October 19, 2016, determination that he is not appropriate for pre-release RRC/halfway house placement. Specifically, he is challenging the particularized and

individualized determination made by the BOP that he, despite the sentencing court's October 12, 2016, recommendation, is not appropriate for pre-release RRC placement based upon security concerns.

While 18 U.S.C. § 3621(b) requires the BOP to consider all five factors, previously detailed above, in making a placement decision, the BOP is not "precluded from denying eligibility based on just one of those factors." *Kurt v. Daniels*, No. 06-726, 2007 WL 593575 at *3 (D. Or. Feb 14, 2007) (the BOP adhered to §§ 3621(b) and 3624(c) in determining that petitioner was ineligible for RRC placement by considering petitioner's individual history, specifically an outstanding warrant, under § 3621(b)(3)). Here, it is undisputed that Rockwood received individualized consideration for pre-release placement in a RRC on October 19, 2016, but was simply determined to be unsuitable for pre-release RRC placement despite the recommendation from the court for such.

Rockwood presents no evidence that the BOP failed to apply the five factors to determine if it was appropriate to recommend pre-release RRC placement. In summary, while Rockwood may disagree with the outcome, he has already received the individualized consideration for pre-release RRC placement to which he is entitled, and there is no cause or basis for further review.

Nor has Rockwood established his allegation of a Due Process violation through the denial of any protected liberty interest. The Supreme Court has held that while prison regulations and policies may create liberty interests, such interests are generally limited to freedom from restraint. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The focus of the liberty interest inquiry should be based on the nature of the deprivation, as opposed to the language of a particular regulation. *See id*. Otherwise, prisoners would be encouraged to "comb regulations" in search of violations. *See id*. Such guidelines and regulations are for the benefit of prisoners as well as to instruct

U.S. v. Rockwood  Page 2 of 6
3:10-cr-00061-RRB
Case 3:10-cr-00061-RRB   Document 40   Filed 11/21/16   Page 2 of 6

employees how to exercise discretion while avoiding "widely different treatment of similar incidents.   *Id.* at 482.

To have a protectable liberty interest in a benefit, "a person must have clearly more than an abstract need or desire for it.   He must have more than a unilateral expectation of it.   He must, instead, have a legitimate claim of entitlement to it."   *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).   "A mere expectation of receiving a benefit is not enough to create a protected interest." *Roberts v. Spaulding*, 783 F.2d 867, 870 (9th Cir. 1986).   If, as here, a statute does not "mandate a particular outcome" that is, if it does not set forth "explicitly mandatory language," "an inmate is not entitled 'to form an objective expectation of entitlement...' such that he could 'reasonably expect to enforce [the statute] against the prison officials." *Valdez v. Rosenbaum*, 302 F.3d 1039, 1044-45 (9th Cir. 2002) (quoting *Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 462-63 (1989).

Because the BOP has discretion to determine where to house an inmate, whether it be at a general population prison, or in a RRC, Rockwood cannot be said to have a legitimate claim of entitlement to be transferred to an RRC at any particular time, or indeed at all.   *See* e.g. *Stevens v. Thomas*, 2011 WL 3563131 (D. Or.) (no liberty interest in RRC), citing *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (no due process liberty interest in classification or placement).   Accordingly, Rockwood's allegations do not amount to a constitutional violation, and this matter should be dismissed or denied.

Lastly, the BOP already has an established Administrative Remedy Process, which is the most appropriate course of action for inmates to challenge the BOP's pre-release RRC placement determinations.   *See,* e.g., *United States v. Edwards*, 2006 WL 1515625 (W.D.Wa. 2006). Rockwood has not affirmed in his letter that he has filed, nor has the government confirmed such a

U.S. v. Rockwood                                               Page 3 of 6
3:10-cr-00061-RRB
Case 3:10-cr-00061-RRB   Document 40   Filed 11/21/16   Page 3 of 6

filing of, an administrative remedy request to BOP specifically challenging the BOP's failure to comply with the court's October 19, 2016, RRC recommendation.

While not necessarily jurisdictional, failure to exhaust administrative remedies when challenging an RRC determination of the BOP is a sufficient reason to dismiss a matter. The administrative remedy process allows an agency the opportunity to create a factual record and apply its expertise. *McKart v. United States*, 395 U.S. 185 (1969). The courts have generally required a federal prisoner to exhaust administrative remedies prior to filing a habeas petition. *Jones v. Bock*, 549 U.S. 199, 212 (2006); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (finding "federal prisoners are required to exhaust . . . prior to bringing a petition"); *Brown v. Risen*, 895 F.2d 533, 535 (9th Cir. 1990) (finding exhaustion "is not jurisdictional" and may be excused if appropriate).

Parenthetically, Rule 36 of the Federal Rules of Criminal Procedure allows a district court to correct "clerical errors in a judgment" at any time. *See* Fed. R. Crim. P. 36. However, the government believes that Rule 36 does not apply here, because there was no mere clerical mistake (or scrivener's error) in the transcription of the Judgment by the court. Rather, at most, Rockwood can be said to be arguing that this Court failed to fully express its sentencing intentions, and asks that this Court do so now, years after the hearing. Such a request falls outside the ambit of Rule 36. *See United States v. Jones*, 608 F.2d 285 (9th Cir. 1979) (rule intended to allow correction of clerical mistakes, not to allow reassessment of merits of earlier decision after time for reconsideration or appeal has elapsed); *United States v. Marchese*, 341 F.2d 782 (9th Cir. 1965) (rule applies to clerical mistakes only). Accord *United States v. Burd*, 86 F.3d 285 (2d Cir. 1996) (rule authorizes sentencing court to correct only errors in transcription of judgments, not to effectuate its unexpressed intentions at time of sentencing; rule is not vehicle for

vindication of court's unexpressed sentencing expectations); *United States v. Daddino*, 5 F.3d 262 (7th Cir. 1993) (rule allowing correction of clerical mistakes at any time does not apply to errors made by court itself).

Likewise, closely related Rule 35 allows for a sentencing court to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).1 Once the district court enters a judgment and commitment order, it may modify it only to the extent permissible under Federal Rules of Criminal Procedure 35 and 36. *See,* e.g., *United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011).

In a nutshell, this Court lacks jurisdiction to make any requested changes to the Judgment. Defendant Rockwood is actually alleging a Bureau of Prisons (BOP) RRC determination error. However, this Court has no authority to change a BOP RRC determination regarding an inmate confined outside the District of Alaska. Ceballos, 671 F.3d at 854.

Under 28 U.S.C. § 2241, the custodian of the institution having custody of Rockwood is the proper respondent in this BOP RRC determination matter. Fed. R. Civ. P. 81(a) (2). "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Therefore, venue in a proper 2241 habeas corpus action requires that the petition be brought in the district court in the place where the petitioning prisoner is confined. Inmate Rockwood is confined at the Federal Correctional Complex (FCC) in Allenwood, Pennsylvania, which is in the Middle District of Pennsylvania. Hence, venue is improper in the District of Alaska. *Braden*, 410 U.S. at 495; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). *See also Edwards, supra*, at 1 ("Even if Defendant

U.S. v. Rockwood     Page 5 of 6
3:10-cr-00061-RRB
Case 3:10-cr-00061-RRB   Document 40   Filed 11/21/16   Page 5 of 6

had shown that [he] had pursued and exhausted the BOP administrative remedies available to [him] (which [he] has not done), this Court would not be the correct forum in which for Plaintiff to pursue [his] claim via the 28 U.S.C. § 2241 habeas corpus mechanism").

RESPECTFULLY SUBMITTED November 21, 2016, in Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2016, a copy
of the foregoing was served via U.S. Mail to:

Paul Rockwood 15986-006
LSCl Allenwood
PO Box 1000
White Deer, PA 17887

s/Steven E. Skrocki
Office of the U.S. Attorney

U.S. v. Rockwood                                     Page 6 of 6
3:10-cr-00061-RRB
    Case 3:10-cr-00061-RRB   Document 40   Filed 11/21/16   Page 6 of 6