RECEIVED
MAY 0 8 2017
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,
Plaintiff

v.

PAUL GENE ROCKWOOD JR.,
Defendant.

Case No. 3:10-cr-00061-RRB

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION REQUESTING

MODIFICATION OF SUPERVISED RELEASE CONDITIONS

Pro se Defendant Paul Gene Rockwood JR., is requesting removal of the supervised release condition that the defendant will enter a residential reentry center (RRC) outside of Boston Massachusetts; and addition of the condition that the defendant be permitted to serve his period of supervised release in England.

I. Procedural History

As the Court will recall, pursuant to a plea agreement, Mr. Rockwood pled guilty to a single count of making false statements to a federal agent in a matter regarding domestic

terrorism. Mr. Rockwood was sentenced by the Honorable Ralph R. Beistline on August 23, 2010 to an eight year term of imprisonment followed by three years of supervised release. The defendant's wife, Nadia Rockwood, also pled guilty to one count of making false statements to a federal agent. She was sentenced to a five-year term of probation and was granted permission of the Court to serve her sentence in England. Mr. Rockwood is currently projected to be released from prison in September 2017.

II. Argument

A. Removal of the RRC Condition is Appropriate

Pursuant to the defendant's May 2015 request to transfer supervision to the District of Massachusetts, the condition was added that "the Defendant will enter a residential reentry center outside of Boston, Massachusetts, for a term of up to six months or until such time that he secures a personal residence approved by probation."

The defendant is no longer being released to the District of Massachusetts and has secured a personal residence approved by probation in the District of Maine. Therefore, this condition is moot and should be removed.

### B. Mr. Rockwood's Service of Supervised Release in England is Appropriate

In May of 2010, Mr. and Mrs. Rockwood shipped all of their household goods and were in the process of relocating to England when they were obstructed by law enforcement and subsequently prosecuted. After sentencing, Mrs. Rockwood was permitted to serve her sentence in England, where she and the couple's two children have continued to live during Mr. Rockwood's incarceration here.

Unfortunately, Mr. Rockwood's wife and children have not been able to visit him during the term of his incarceration, initially because the Court denied Mrs. Rockwood's request to return to the United States during her term of probation

-3-

and thereafter because the expense of travelling to and from the United States was too great. For the past seven years, Mr. Rockwood's wife and children have continued to reside in England while Mr. Rockwood served his sentence in the United States. Despite this fact, the bond between Mr. Rockwood and his family remains strong and he is very anxious to return to them once his term of incarceration is complete. Since one of the purposes of imposing a term of supervised release is to permit a defendant to re-integrate with his family, permitting Mr. Rockwood to return to England during his supervised release term is appropriate.

Furthermore, if Mr. Rockwood is required to remain in this Country during the period of his supervised release, the possibility that he will be able to provide financial support for his family will be substantially diminished. He will be required to pay for housing and other redundant expenses here, while simultaneously struggling to support his family in

-4-

England. Thus, as a matter of simple economics, the Court should permit Mr. Rockwood to return to England during the term of his supervised release.

Moreover, it is well known that Courts do routinely permit foreign residents, such as Mrs. Rockwood, to return home during their terms of probation or supervised release. Frankly, that makes good sense, given the fact that the relevant statute - 18 U.S.C. 3583(d) - provides that the Court can order a foreign national deported as a condition of supervised release, so that the government need not undergo the wasted expense of supervising someone who should ultimately return to his or her home country in any event. Essentially, the same situation is present here. Mr. Rockwood is, at this point, the equivalent of a foreign national, since his home and family are in England.

There is simply no rational purpose to be served by requiring Mr. Rockwood to remain in this Country, away from

his family, during his term of supervised release when his life has been venued in England for many years.

For the reasons stated above, the condition that the defendant be permitted to serve his period of supervised release in England, on whatever basis the Court deems just, is appropriate and should be added.

May 3, 2017

Respectfully submitted,

*Paul Rockwood*
Paul Rockwood

CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2017, I served the foregoing, upon the Plaintiff and the United States Probation Office, by first class United States Mail, marked for delivery to the following addressees:

Steven Skrocki
Assistant United States Attorney
222 W 7th Ave #9
Anchorage, AK 99513

Chris Liedike
United States Probation Office
222 W 7th Ave #48
Anchorage, AK 99513

*Paul Rockwood*
Paul Rockwood