BRYAN SCHRODER
Acting United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:10-cr-00061-RRB |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' RESPONSE** |
| | ) | **IN OPPOSITION** |
| vs. | ) | |
| | ) | |
| PAUL GENE ROCKWOOD, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through undersigned

counsel, and hereby responds to Defendant's Motion Requesting Modification of

Supervised Release Conditions, filed as Docket 46 and 47.

//

//

As to the request to transfer to the community confinement to the District of Maine, as the defendant alleges that decision has already been made by the United States Probation Office, and, if true, the United States is not opposed.

As to defendant Rockwood's requested modification of the terms of supervised release in that he be released to the United Kingdom as he is the functional equivalent of a foreign nations, said motion should be denied.

**A.        Removal of the Residential Reentry Center Condition**

Previously, the Defendant successfully filed a motion for a Modification of the Terms of Supervised Release. Docked No. 26. The Order following that motion, Docket No. 27, filed on June 16, 2015, granted a modification as follows: "[t]he Defendant will enter a residential reentry center outside of Boston, Massachusetts, for a term of up to six months or until such time that he secures a personal residence approved by probation. While a resident of the residential reentry center, the Defendant will abide by all program rules and regulations." (See Docket No. 27).

The Defendant states that he is no longer being released to the District of Massachusetts, but instead the District of Maine. No evidence is presented that show this is true. Contrary, on August 4, 2015, the Defendant was found ineligible by the Federal Bureau of Prisons (BOP) for participation in a RRC based on "verified security concerns". (See Letter from Federal Bureau of Prisons, Docket

No. 43, Attachment 1). On October 19, 2016, the decision was reviewed by the BOP and was reaffirmed. (See Docket No. 43, Attachment 1). No documentation is present to show that the BOP has changed their determination regarding the Defendant's security concerns and that he is now suitable for a RRC program. Without any showing of a change in circumstances, we see no reason to modify the Defendant's terms of supervised release.

As well, the Defendant states that he has secured a personal residence approved by probation in the District of Maine. The assertion by the Defendant is that if the Defendant has obtained an approved personal residence then that provision in the terms of supervised release is no longer pertinent and should therefore be removed. No evidence is provided to support this claim as well.

If such a situation exists, a modification to the terms of supervised release would not be the proper result. If true that the Defendant has secured a personal residence approved by the correct probation location, then there is no need to modify the terms of supervised release beyond changing the location of his RRC if it is now the incorrect district. The current terms of supervised release allow the Defendant to be released from the residential reentry center upon securing a personal residence approved by probation. See Docket No. 27. If the Defendant has secured such a residence and it is approved, then the order already allows him to go to the approved personal residence instead of a RRC and the United States

would not be opposed but no modification to the terms of supervised release is needed. If that is indeed the case, the defendant should provide the court with evidence that he has secured a residence and Probation agrees to the transfer to Maine.

### B.    Serving the Period of Supervised Release in England

The more important aspect of the defendant's motion concerns his request that the Court add a condition to the terms of his supervised release that he be allowed to serve the period of supervised release in England. In his motion the Defendant asserts arguments based on ease of reintegration, financial considerations, and permission in statute to allow such terms in a supervised release. None of the factors the Defendant asserts are the factors that statute requires the Court consider when considering a condition of supervised release. 18 U.S.C. § 3585(c). As well, none of what the Defendant asserts is persuasive when considering the statutory factors. Finally, the Defendant's reliance on statute while arguing its permissiveness in allowing him to serve the remainder of his supervised release in England is misplaced and incorrect.

The factors to be considered in including a term for supervised release are listed in 18 U.S.C. § 3585(c), which includes 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) by reference. Those statutes require the Court to consider the nature and circumstances of the offense and the

history and characteristics of the defendant, the kinds of sentence and the sentencing range stablished for the offense, any pertinent policy statement, the need to avoid unwarranted sentence disparities among defendants with similar records, and the need to provide restitution to any victims.

None of the factors that the Defendant asserts, that of financial concerns or the Defendant's ability to return to his family, are factors § 3585(c) list to have the Court consider. At best, they are secondary concerns that can be considered when weighing some of the factors. The current terms of supervised release are well within the statutory factors the Court is to consider and have not been contested. As the Defendant has not presented any evidence that would cause the Court to need to reconsider the factors laid out by statute, there is no cause or basis for further review or alteration.

Lastly, the Defendant asserts that 18 U.S.C. § 3585(d) would permit the Court to order him to serve his supervised release under the control of another country. The part of the statute that the Defendant likely speaks of reads "[i]f an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." This section of the statute clearly does not apply to the Defendant. The Defendant is not an alien, being a citizen of the United States, and is not

subject to deportation because of his charges and is not the 'functional equivalent' of an alien.

After thoroughly reviewing the pertinent documents and case law, the Court will find that the Defendant has failed to demonstrate sufficient grounds on which his motion should be granted. Therefore, the Defendant's Motion Requesting Modification of Supervised Release Conditions should be **DENIED.**

RESPECTFULLY SUBMITTED May 24, 2017, in Anchorage, Alaska.

BRYAN SCHRODER
Acting United States Attorney

s/Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2017, a copy of
the foregoing was served via U.S. Mail on:

Paul Gene Rockwood, Jr.
15986-006
Special Mail: Open Only in Presence of Inmate
LSCl Allenwood
PO Box 1000
White Deer, PA 17887

s/ Steven E. Skrocki
Office of the U.S. Attorney